# United States District Court

NORTHERN _____ DISTRICT OF _____ TEXAS

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR - 1 2015
CLERK, U.S. DISTRICT COURT
By _____ Deputy

UNITED STATES OF AMERICA

v.                                          **COMPLAINT**

ANDREW JOSEPH BERKO                         CASE NUMBER: 3-15-MJ- 203-BN

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about December 11, 2014, in the Dallas Division of the Northern District of Texas, defendant(s) did,

knowingly transport or ship child pornography using any means or facility of interstate or foreign commerce by any means, including by computer, any visual depiction, and the production of such visual depiction involved the use of a minor engaged in sexually explicit conduct and such visual depiction was of such conduct,

in violation of Title 18, United States Code, Section(s) 2252A(a)(1).

I further state that I am a(n) Special Agent with the United States Department of Homeland Security Investigations (HSI) and that this complaint is based on the following facts:

See attached Affidavit of Special Agent Robert M. Jester, (HSI) which is incorporated and made a part hereof by reference.

Continued on the attached sheet and made a part hereof:  XX Yes    No

Signature of Complainant
Robert M. Jester
Special Agent, (HSI)

Sworn to before me and subscribed in my presence, on this 1st day of April, 2015, at Dallas, Texas.

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer         Signature of Judicial Officer

AFFIDAVIT

I, Robert M. Jester, being duly sworn, declared and state as follows:

INTRODUCTION

1. I am a Special Agent with the United States Department of Homeland Security Investigations (HSI), assigned to the Special Agent in Charge, Dallas, Texas. I have been employed with HSI and its predecessor organization, the Immigration and Naturalization Service (INS), since June 1994. As part of my duties as an HSI agent, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252 and 2252A. I have received training in the area of child pornography and child exploitation, and, during investigations, have observed and reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media. I have been involved in numerous child pornography investigations and am very familiar with the tactics used by child pornography offenders who collect and distribute child pornographic material.

2. This affidavit sets forth facts and suggests reasonable inferences from those facts, establishing that there is probable cause to believe that on or about December 11, 2014, in the Northern District of Texas, Andrew Joseph Berko, committed the offense of Transportation of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1).

3. The information contained in this affidavit is from Affiant's personal knowledge of the described investigation and from information obtained from other law enforcement agents.

## OVERVIEW OF INVESTIGATION

4. On December 11, 2014, Sherman, Texas Police Detective Jeremy Cox identified a computer at IP address 70.113.145.2 that appeared to be sharing child pornographic files using the BitTorrent file sharing network, and obtained a list from the shared folder on this computer that contained at least 27 files of known or suspected child pornography.

5. On December 11, 2014, between 1711 and 1834 UTC-6:00, Detective Cox successfully downloaded 27 files that the computer at IP address 70.113.145.2 was making available. Affiant reviewed these files, two of which are listed and described as:

| File Name | File Description |
| --- | --- |
| 5.jpg | This image depicts a prepubescent girl, age 10-12, lying completely nude on a couch, displaying her vagina in a lascivious manner |
| 3.jpg | This image depicts a prepubescent girl, age 10-12, lying completely nude on a couch, displaying her vagina in a lascivious manner |

6. On January 9, 2015, Affiant conducted a check of the IP address 70.113.145.2 through the American Registry for Internet Numbers (ARIN) and discovered that it is registered to Time Warner Cable. Affiant sent an administrative summons to Time Warner to produce subscriber information for the IP address 70.113.145.2 that was logged on the date of December 11, 2014 from 1711 until 1834 UTC-6:00.

7. On January 12, 2015, Time Warner Cable responded to the summons. According to Time Warner's records, the subscriber using IP address 70.113.145.2 on that date and times was Andrew Berko of 1863 W. Mockingbird Lane, Apt. 620, Dallas, Texas 75235, which is located in the Dallas Division of the Northern District of Texas.

8. Affiant queried the CLEAR public information database and found a record for Andrew Berko at that address, which is an apartment at the Providence Mockingbird complex. The manager of the complex confirmed that Berko had been residing in apartment 620 since October 9, 2014.

9. Based in part on the foregoing information, HSI Special Agents were able to secure a federal search warrant for the premises. On March 31, 2015, HSI Special Agents executed a federal search warrant at 1863 W. Mockingbird Lane, Apt. 620, Dallas, Texas 75235. HSI Special Agents observed evidence of child pornography while conducting a preliminary search of Andrew Berko's HP Pavilion laptop computer, which contained a Toshiba hard drive, model MQ01ABD075, serial

Affidavit for Complaint - Page 3

number 42UUT02NT. Nine child pornography images and three child pornography video files captured during the preliminary search of the HP Pavilion Laptop computer included the following:

| FILE NAME | FILE DESCRIPTION |
|---|---|
| 5.jpg | This image depicts a prepubescent girl, age 10-12, lying completely nude on a couch, displaying her vagina in a lascivious manner |
| 3.jpg | This image depicts a prepubescent girl, age 10-12, lying completely nude on a couch, displaying her vagina in a lascivious manner |

10. The Toshiba hard drive reflects that it was produced in the Phillipines and therefore is matter that was mailed, shipped and transported in interstate and foreign commerce.

11. HSI Special Agents informed Andrew Berko that he was free to leave at any time and that he did not have to answer questions from agents. Berko agreed to speak with Affiant and answer questions about his involvement in downloading and possession of images of child pornography. During the interview, Berko fully confessed to utilizing the P2P file-sharing network BitTorrent to view and download images of child pornography. Berko also admitted that he understood how the file-sharing program worked and that the images and videos he downloaded were available to share to others using BitTorrent, with the expectation that he would be able to download additional images from other users. Berko admitted that he had

been involved in trading images of child pornography for the last three or four years. When Affiant showed Berko the images listed in paragraphs 5 and 9, Berko said he recognized the images as ones he had stored in his BitTorrent shared folder.

## CONCLUSION

12. Based on the foregoing facts and circumstances, I respectfully submit that there is probable cause to believe that on or about December 11, 2014, in the Northern District of Texas, Andrew Joseph Berko committed the offense of Transportation of Child Pornography, in violation of 18 U.S.C. §2252A(a)(1).

_____
Robert M. Jester
Special Agent
Department of Homeland Security Investigations

Subscribed and sworn before me this 1st day of April, 2015.

_____
HONORABLE DAVID L. HORAN
United States Magistrate Judge
Northern District of Texas